■ The People of the State of New York, Respondent, v Michael P. DeWitt, Appellant. [967 NYS2d 547]—

Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered December 7, 2011. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree (four counts), criminal sale of a controlled substance in or near school grounds, criminal possession of a controlled substance in the seventh degree (four counts), criminal possession of a weapon in the second degree, criminal possession of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the fifth degree, criminally using drug paraphernalia in the second degree and unlawful possession of marihuana.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Contrary to defendant's contention, the search warrant and the supporting affidavit identified the make, model, color and

identification number of the vehicle to be searched and thus described with sufficient particularity the vehicle to be searched (*see generally People v Nieves*, 36 NY2d 396, 401 [1975]; *People v Palmeri*, 272 AD2d 968, 969 [2000], *lv denied* 95 NY2d 967 [2000]). Although the vehicle was mistakenly listed in the warrant under the heading "persons," "hypertechnical accuracy" of the description in the warrant is not required (*Nieves*, 36 NY2d at 401). Thus, we conclude that County Court properly denied that part of defendant's omnibus motion seeking suppression of the gun seized during the search of defendant's vehicle pursuant to the search warrant. Present—Centra, J.P., Fahey, Lindley, Sconiers and Valentino, JJ.